1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

11    SUSAN ANTOINETTE GONZALES,              Case No.:  21-CV-389 JLS (DEB)
12                              Plaintiff,
                                             **ORDER DISMISSING CASE FOR**
13    v.                                      **LACK OF SUBJECT-MATTER**
                                             **JURISDICTION**
14    GWEN GLEASON ROHRER and
      DEELA BURNS,                            (ECF Nos. 14–15)
15
16                             Defendants.

17          Presently before the Court is Plaintiff Susan Antoinette Gonzales's Response to
18    Order to Show Cause ("Response," ECF No. 15).  On May 13, 2022, the Court ordered
19    Plaintiff to show cause why this action should not be dismissed for lack of subject-matter
20    jurisdiction.  *See* ECF No. 14 (the "OSC").  Specifically, the Court noted that there does
21    not appear to be federal-question jurisdiction given that Plaintiff asserts no claims that
22    facially arise under federal law; that there does not appear to be diversity jurisdiction given
23    that Plaintiff indicates all Parties are residents of San Diego, California; and that there does
24    not appear to be jurisdiction based on the presence of the United States government as a
25    party given Plaintiff's failure to plead administrative exhaustion.  *See generally id.* at 2–3.
26          In her Response, Plaintiff does not meaningfully respond to the concerns raised in
27    the OSC.  Plaintiff still does not invoke federal claims, indicating she seeks relief from
28    Defendants "for ill treatment, mal-practice and personal injury."  Response at 2.  She does

not refute the Court's conclusion that the Parties lack complete diversity, as required for diversity jurisdiction to be properly invoked.  And finally, Plaintiff does not allay this Court's concerns about jurisdictional defects to the extent that this case is brought against the United States as a defendant pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA").

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (internal quotations omitted).  "The [Federal Torts Claim Act ("]FTCA["]) provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment." *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000) (citing *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995)).  "Under the FSHCAA, the [FTCA] provides the exclusive remedy for medical malpractice by a health care provider who falls within the definition of 42 U.S.C. § 233(g)." *Estes v. United States*, 302 F. App'x 563, 564 (9th Cir. 2008).

The FTCA requires any claimant to first file a claim with the appropriate federal agency and await final denial before commencing a civil action—in other words, the claimant must first exhaust her administrative remedies.  28 U.S.C. § 2675(a); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985).  The section 2675(a) requirement "is jurisdictional in nature and may not be waived." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) (citations omitted).  Actions filed prior to presentation of the claim to the agency, final denial of the claim by the agency, or allowing six months to elapse from the date of filing of the administrative claim fail to meet this requirement and are properly dismissed for lack of subject matter jurisdiction. *See id.*  Thus, "a prematurely filed FTCA claim must be dismissed even if the plaintiff ultimately exhausts his administrative remedies before 'substantial progress' has occurred in the case." *Id.* at 1245 (citing *McNeil v. United States*, 508 U.S. 106, 110 (1993)).  Plaintiff has not satisfied this Court that she / / /

has presented the claims in the instant action to the relevant federal agency such that this Court has jurisdiction over the instant action.

Moreover, under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Again, "[i]nstitution of suit within the two-year period is a jurisdictional requirement." *Mann v. United States*, 399 F.2d 672, 673 (9th Cir. 1968) (citing *Powers v. United States*, 390 F.2d 602 (9th Cir. 1968); *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959)). Plaintiff has not satisfied this Court, however, that she presented the claims in the instant action to the relevant federal agency within two years after her claim accrued, given that the actions alleged occurred in June 2017 and this action was filed in March 2021. *See generally* ECF Nos. 1, 11.

Accordingly, the Court finds that it does not have subject-matter jurisdiction over this action as pleaded and **DISMISSES WITHOUT PREJUDICE** this action. To the extent this action arises under the FTCA and Plaintiff can establish that she timely presented her claims to the relevant federal agency and timely instituted suit, she may file an amended complaint plainly setting forth such jurisdictional facts. Unless and until Plaintiff can do so, however, this litigation is concluded, and the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: June 16, 2022

Hon. Janis L. Sammartino
United States District Judge