UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN ANTOINETTE GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>GWEN GLEASON ROHRER and DEELA BURNS,<br><br>Defendants. | Case No.: 21-CV-389 JLS (DEB)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(ECF No. 19) |

Presently before the Court is Plaintiff Susan Antoinette Gonzales's ("Plaintiff") Motion for Reconsideration ("Mot.," ECF No. 19). Having considered Plaintiff's Motion and the law, the Court **DENIES** the Motion for the reasons that follow.

## BACKGROUND

Plaintiff initiated this action, asserting medical malpractice claims stemming from events that took place in June 2017, on March 4, 2021. *See* ECF No. 1 ("Compl."). On March 25, 2022, the Court set a hearing for April 15, 2022, for dismissal for want of prosecution pursuant to Civil Local Rule 41.1. *See* ECF No. 5. Plaintiff appeared at the hearing and, upon Plaintiff's request, the case was not dismissed. *See* ECF No. 8. That same day, Plaintiff filed proof of service (ECF No. 10) and various Exhibits to her Complaint (ECF No. 11).

On May 13, 2022, after reviewing Plaintiff's Complaint and Exhibits, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. *See* ECF No. 14 (the "OSC"). Plaintiff's Response to the OSC ("Response," ECF No. 15) did not meaningfully address the jurisdictional issues raised in the OSC. Accordingly, on June 16, 2022, the Court issued its Order Dismissing Case for Lack of Subject-Matter Jurisdiction (the "Order," ECF No. 16).

Plaintiff attempted to file an Amended Complaint on June 27, 2022. *See* ECF No. 17. However, per a June 28, 2022 Notice of Document Discrepancies and Order Thereon, the Court rejected the document on the basis that the case was closed and the amended pleading failed to "set forth adequate additional jurisdictional facts per 6/16/2022 Order." *See* ECF No. 18. On July 8, 2022, Plaintiff filed the instant Motion. *See* Mot. Per a July 11, 2022 Notice of Document Discrepancies and Order Thereon, the Court accepted the Motion despite its failure to comply with Civil Local Rule 5.1 and despite the case's dismissal. *See* ECF No. 20.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229

F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Plaintiff's Motion respectfully asks the Court "to reexamine [her] case," Mot. at 3, noting that "[she] ha[s] new evidence it may or may not help," *id.* at 1. The Motion does not appear to argue that the Court clearly erred in dismissing Plaintiff's case for lack of subject-matter jurisdiction or that an intervening change in controlling law necessitates the relief Plaintiff requests, *see generally id.*; accordingly, the Court construes Plaintiff's Motion as seeking reconsideration based on newly discovered evidence.

In the Ninth Circuit,

> [t]o justify reconsideration based on "newly discovered evidence," [a] plaintiff must show "that (1) the evidence was discovered after [the judgment], (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case."

*Goodworth Holdings Inc. v. Suh*, 239 F. Supp. 2d 947, 966 (N.D. Cal. 2002) (quoting *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 928–29 (9th Cir. 2000)), *aff'd*, 99 F. App'x 806 (9th Cir. 2004).

The Exhibit to Plaintiff's Motion (ECF No. 19-1) includes, *inter alia*, an e-mail message dated October 29, 2020, from Plaintiff to the e-mail address FTCAClaim@epa.gov asking "if [she] can make a claim for personal injury, from a Dr. This occurred in the year June 9, 2017 to discovery in June 17, 2017." *Id.* at 3. Plaintiff also indicates that she fell in November 2019 and August 2020 and was incapacitated each time. Mot. at 1. Plaintiff also includes some medical records pertaining to each of these

incidents, *see, e.g.*, Ex. at 16–17, and a "Claim Against the City of San Diego" premised on the August 24, 2020 incident, *see id.* at 22–23.

Given that these documents predate the Court's dismissal of this action and were within Plaintiff's personal knowledge and possession, they do not qualify as "newly discovered evidence." Even were that not the case, however, the evidence Plaintiff submits would not permit the Court to grant Plaintiff reconsideration of the dismissal of her case. To the extent Plaintiff provides her e-mail to FTCAClaim@epa.gov to establish exhaustion of her administrative remedies, the Court notes that the Environmental Protection Agency, or EPA, is not the appropriate federal agency for a medical malpractice claim brought pursuant to the Federal Tort Claims Act ("FTCA"); rather, the Department of Health and Human Services handles such claims. *See* U.S. Department of Health and Human Services Health Resources and Services Administration, *Federal Tort Claims Act Health Center Policy Manual*, available at https://bphc.hrsa.gov/sites/default/files/bphc/compliance/ftcahc-policy-manual.pdf#:~:text=Under%20FTCA%2C%20parties%20claiming%20to%20be%20injured%20by,of%20FTCA%20claims%20or%20litigation%20is%20available%20in (updated July 21, 2014). Even had Plaintiff sent her e-mail to the correct address, however, she did so more than two years after claim accrual; thus, her claim is barred by the 28 U.S.C. § 2401(b) statute of limitations.

In short, because Plaintiff fails to establish any of the grounds justifying reconsideration, her Motion must be denied.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 19). This case shall remain closed, and the Court will entertain no further filings.

**IT IS SO ORDERED.**

Dated: July 28, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge